IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50796
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

GUILLERMO ARANGO,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-95-CV-456
- - - - - - - - - -
August 1, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges

PER CURIAM:[*]

     Guillermo Arango's (federal prisoner # 61844-080) motion for
leave to appeal in forma pauperis is GRANTED.

     This court formerly granted a certificate of appealability
(COA) on two issues and implicitly denied COA on three other
issues.  Application of the COA requirement was mandated by our
decision in United States v. Orozco, 103 F.3d 389, 392 (5th Cir.
1995).  The United States Supreme Court decision in United States

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Lindh, __ S. Ct. __ (June 23, 1997), 1997 WL 338568, calls into question whether the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and its concomitant COA requirement, apply to this appeal because Arango's 28 U.S.C. § 2255 motion was filed in district court prior to the enactment of the AEDPA. Because none of Arango's issues on appeal merits reversal, and because we need no further briefing from the United States to decide the appeal, we decline to decide whether Lindh has overruled Orozco. Instead, we address all the issues raised by Arango in his initial brief to this court.

Arango argues that he received ineffective assistance of counsel due to 1) his attorney's misstatement at the sentencing hearing that Arango by himself carried over a kilogram of heroin; 2) his attorney's failure to object to the presentence report which recommended that Arango be sentenced for the combined quantity of heroin he and his co-defendant imported; and 3) his attorney's conflict of interest during plea negotiations and the entering of his plea, such that he was made to enter his plea on misadvice from counsel. Arango also argues that 4) the district court erred in not conducting an inquiry into whether counsel had an actual conflict of interest at the beginning of the proceeding due to his attorney's representation of co-defendant, and 5) his guilty plea was not voluntarily and knowingly entered.

Under Strickland v. Washington, 466 U.S. 668, 689-94 (1984), Arango must show that 1) that his counsel's performance was

2

deficient in that it fell below an objective standard of reasonableness, and 2) that the deficient performance prejudiced his defense. This standard applies in a noncapital sentencing context. United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995). To establish ineffective assistance of counsel due to a conflict of interest, Arango must show that his attorney actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1994). With respect to Arango's plea, he must show that but for the misadvice of counsel, it was reasonably probable that he 1) would not have pleaded guilty and 2) would have proceeded to trial. James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995). The district court's failure to conduct an inquiry pursuant to Fed. R. Crim. P. 44(c) is not a cognizable constitutional issue in a 28 U.S.C. § 2255 motion. See United States v. Benavidez, 664 F.2d 1255, 1258 (5th Cir. 1982).

We agree with the district court that, while Arango's attorney may have been deficient during Arango's sentencing for failing to object to the presentence report's recommendation that Arango's and codefendant's quantities of heroin be combined, Arango has not shown a reasonable probability that his sentence would be different but for the deficient conduct of his attorney. Thus he has not satisfied the second prong of Strickland.

Arango has not shown that an actual conflict of interest existed with his attorney's representation of his co-defendant or

3

that there was any prejudice to his defense if such a conflict did exist.  See Barrientos v. United States, 668 F.2d 838, 840-41 (5th Cir. 1992).

The record indicates that Arango was fully aware of the consequences of his plea, including that he was considered to have jointly undertaken the charged offense with codefendant and the minimum sentence for the offense.  His plea was knowingly and voluntarily entered.

Accordingly, we AFFIRM for essentially the reasons stated in the report and recommendation of the magistrate judge, which the district judge approved and adopted.  See United States v. Guillermo Arango, No. EP-95-CA-456-DB (W.D. Tex. Sept. 10, 1996).

AFFIRMED.

4